# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN KENNEALLY; BOSA CALIFORNIA LLC; BOSA DEVELOPMENT CALIFORNIA INC.; THE WESTON FIRM, P.C.; BECK & LEE, P.A.,<br><br>　　　　　　　　Defendants. | CASE NO. 11CV264 WQH JMA<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's Complaint for Statutory Interpleader (ECF No. 15) filed by Defendant Beck & Lee, P.A. and the Motion for Order of Discharge and Injunction (ECF No. 22) filed by Plaintiff First American Title Insurance Company.

## BACKGROUND

On February 8, 2011, Plaintiff First American Title Co. ("First American") filed the Complaint for Statutory Interpleader. (ECF No. 1). On February 15, 2011, Plaintiff First American deposited into the Court's registry $65,000.00. (ECF No. 6).

On March 10, 2011, Defendants BOSA California LLC and BOSA Development

California Inc. filed an Answer. (ECF No. 14). On March 16, 2011, Defendant Beck & Lee, P.A. filed a Motion to Dismiss. (ECF no. 15). On March 21, 2011, Defendant the Weston Firm, P.C. and Defendant John Kenneally filed Answers. (ECF Nos. 20-21). On that same day, Plaintiff First American filed a Motion for Order of Discharge and Injunction pursuant to 28 U.S.C. §§ 1335, 2361. (ECF No. 22).

On April 4, 2011, Plaintiff First American filed an Opposition to Defendant Beck's Motion to Dismiss. (ECF No. 24). On that same day Beck filed an Opposition to Plaintiff's Motion for Order of Discharge and Injunction. (ECF No. 25). On April 11, 2011, Plaintiff First American filed a Reply. (ECF No. 26).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff First American is a California corporation. Defendant Bosa California LLC is a California limited liability company. Defendant Bosa Development California, Inc. is a California corporation. Defendant John Kenneally ("Kenneally") is a citizen of California. Defendant The Weston Firm, P.C. ("Weston") is a California corporation. Defendant Beck & Lee P.A. ("Beck & Lee") is a Florida corporation.

Plaintiff alleges that in November 2006, John Kenneally, signed a purchase contract with Bosa LLC for a condominium unit in the Bayside condominium project developed by Bosa in San Diego. Kenneally paid approximately $200,000 into an escrow account with First American, the escrow agent, as a deposit on the purchase price. A dispute arose between Kenneally and Bosa over representations regarding the size of the condominium unit and Kenneally filed a federal action: *Kenneally et al. v. Bank of Nova Scotia, et al.*, Case No. 09-cv-02039-WQH JMA, Southern District of California. Kenneally sought rescission of the purchase contract.

First American was named as a defendant in the federal action. "Kenneally did not assert any alleged misrepresentations or other alleged misconduct as to First American; rather, Kenneally named First American as a defendant in the federal action solely because First American held Kenneally's escrowed deposit." (ECF No. 1 at 3). "First American filed a motion to dismiss and, on or about April 28, 2010, obtained an order dismissing First

American from the federal action." *Id*.

Kenneally was represented by Weston when he filed the Complaint. On January 4, 2010, Weston and Beck & Lee filed papers reflecting that Beck & Lee were appearing as counsel for Kenneally.

Kenneally and Bosa reached a settlement of the federal action that called for the escrow deposit to be disbursed. A fee dispute developed between Beck & Lee and the Weston Firm and Kenneally. On September 21, 2010, Beck & Lee provided First American with a "Charging Lien" against $65,000.00 of the escrow deposit.

On October 20, 2010, Beck & Lee filed a separate lawsuit in Florida state court entitled: *Beck & Lee, P.A. v. John Kenneally, et al.*, Case No. 10- 56264CA25 (Eleventh Judicial Circuit, Miami-Dade County). Beck & Lee asserts three claims: (1) breach of contract against the Weston Firm and Kenneally; (2) quantum meruit against the Weston Firm and Kenneally; and (3) adjudication and imposition of Attorney's charging lien against the Weston Firm, Kenneally, First American, BOSA California LLC, and BOSA Development California Inc. (ECF No. 1-1 at 63-67). "Beck & Lee named First American as a defendant in the Florida Action solely based on the allegation ... that First American 'is in possession or control of funds to be paid or which have been to Kenneally pursuant to a settlement agreement' in the federal action." (ECF No. 1 at 4).

## CONTENTIONS OF THE PARTIES

Plaintiff First American seeks an order "(a) dismissing First American with prejudice and discharging it from any further liability with respect to the Interpleaded Funds; and (b) permanently enjoining all remaining parties from initiating or prosecuting any other action in federal or state court against First American with respect to the Interpleaded Funds (including, without limitation, the pending Florida state court action styled *Beck & Lee, P.A. v. John Kenneally, et al.*, Case No. 10-56264CA25 (Eleventh Judicial Circuit, Miami-Dade County (the "Florida Action"))." (ECF No. 22-1 at 2). Plaintiff First American contends that as escrow agent, it was "unwittingly placed in the middle of a dispute between the buyer and seller of the condominium, and then unwittingly placed in the middle of a dispute between and

among the buyer and his attorneys." *Id.*

Defendant Beck & Lee seeks dismissal of the Complaint in Interpleader on the grounds that "[t]he interpleader device is inappropriate here because there is already a pending lawsuit that will effectively and efficiently resolve the claims to the disputed fees." (ECF No. 15-1 at 3). Alternatively, Defendant Beck & Lee seeks a stay of this case pending resolution of the Florida action and transfer of the funds to the Florida court. "Finally, Beck & Lee states that in the event this Court sees fit to grant First American's motion, any injunction entered by the Court should be no broader than one enjoining the prosecution of claims against First American." (ECF No. 25 at 2).

## DISCUSSION

Pursuant to 28 U.S.C. § 1335,

> [t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more ... if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim . . . to be entitled to such money or property ... and if
>
> (2) the plaintiff has deposited such money or property ... to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

Once it is determined that an interpleader action is appropriate, the court is entitled to discharge a plaintiff-stakeholder who has no interest in the disputed funds. *See Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund,* 982 F.2d 783, 787 (2d Cir. 1992) (accord *Valley Forge Life Insurance Company v. Dena Hulse,* 2007 U.S. Dist. LEXIS 52061 (N.D. Cal., July 6, 2007)). When a district court has jurisdiction over an action pursuant to § 1335, the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361 ("In any ... interpleader under section 1335 of this title, a district court may ... enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.").

1     The Court finds this case is an appropriate interpleader action under § 1335. In this case, there is diversity of citizenship between Beck & Lee and the remaining Defendants, Plaintiff has deposited $65,000.00 with the Clerk of the Court, and Plaintiff First American has demonstrated that it claims no interest in the funds. *See* 28 U.S.C. § 1335. The Court concludes that interpleader is appropriate under § 1335 and that Plaintiff First American is entitled to discharge from liability. The Court concludes that First American is entitled to an injunction preventing prosecution against it with respect to the interpleaded funds pursuant to 28 U.S.C. § 2361.

## CONCLUSION

    IT IS HEREBY ORDERED that the Motion for Order of Discharge and Injunction (ECF No. 22) filed by Plaintiff First American Title Insurance Company is GRANTED. Plaintiff First American Title Insurance Company is fully discharged from liability. The parties in this case are each enjoined from instituting or prosecuting any proceeding in any State or United States court against First American with respect to the interpleaded funds until further order of the court. The Motion to Dismiss First American's Complaint for Statutory Interpleader (ECF No. 15) filed by Defendant Beck & Lee, P.A. is DENIED.

DATED: August 24, 2011

                                                                               */s/ William Q. Hayes*
                                                       **WILLIAM Q. HAYES**
                                                       United States District Judge