# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECK & LEE, P.A., <br>　　　　　Cross-Claimant, <br>　vs. <br>THE WESTON FIRM, P.C., <br>　　　　　Cross-Defendant, <br><br>THE WESTON FIRM, P.C., <br>　　　　　Cross-Claimant, <br>　vs. <br>BECK & LEE, P.A., <br>　　　　　Cross-Defendant. | CASE NO. 11CV264 WQH JMA <br><br> ORDER |

HAYES, Judge:

　　On February 8, 2011, First American Title Co. ("First American") filed a Complaint for Statutory Interpleader against John Kenneally; Bosa California, LLC; Bosa Development California, Inc.; the Weston Firm, P.C. ("Weston"); and Beck & Lee, P.A. ("Beck & Lee"). (ECF No. 1). On February 15, 2011, First American deposited $65,000.00 into the Court's registry. (ECF No. 6). On August 24, 2011, the Court issued an order finding that the case was an appropriate interpleader action under § 1335 and that First American was entitled to

1 discharge from liability. (ECF No. 28).

2 On September 7, 2011, Beck & Lee filed an Answer to the Complaint in Interpleader 3 and Cross-claim against Weston for declaratory relief and quantum meruit for legal work 4 performed in connection with *Kenneally et al. v. Bank of Nova Scotia, et al.*, Case No. 09- 5 cv-02039-WQH JMA. (ECF No. 29). Beck & Lee asserted that the Court had jurisdiction 6 pursuant to 28 U.S.C. § 1335 (interpleader).

7 On September 28, 2011, Weston filed an Answer to the Cross-claim and filed a Cross- 8 claim against Beck & Lee for declaratory judgment that Weston does not owe any money to 9 Beck & Lee. (ECF No. 34). Weston asserted that the court had subject matter jurisdiction 10 "pursuant to 28 U.S.C. § 1367 because the subject matter of [the Weston firm]'s Cross-Claim 11 relate[d] to the same case or controversy underlying the Interpleader Action and [Beck & 12 Lee]'s Cross-Claim." *Id*. at 4.

13 On December 5, 2011, the parties filed a Joint Motion for Entry of Order for 14 Disbursement of Interpleader Funds (ECF No. 43) which was granted. The interpleader funds 15 were disbursed and the Complaint in Interpleader filed by First American was dismissed. All 16 claims against First American and Defendants Bosa California, LLC, Bosa Development 17 California, Inc., and John Kenneally were also dismissed.

18 On February 1, 2012, this Court issued an Order stating:

> [T]he Court no longer has jurisdiction pursuant to 28 U.S.C. § 1335. The only claims that remain are Beck & Lee's claim against Weston for declaratory relief and quantum meruit for legal work performed in connection with *Kenneally* and Weston's claim against Beck & Lee for declaratory judgment that Weston does not owe any money to Beck & Lee. It appears that the Court lacks subject matter jurisdiction over the Cross-Claim filed by Beck & Lee and Cross-Claim filed by Weston.
>
> IT IS HEREBY ORDERED that Cross-Claimant Beck & Lee, P.A. and Cross-Claimant the Weston Firm P.C. are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. This action will be dismissed unless, no later than **twenty (20) days** from the date of this Order, Cross-Claimant Beck & Lee, P.A. and Cross-Claimant the Weston Firm P.C. show a basis for subject matter jurisdiction.

27 (ECF No. 46 at 3).

28 On February 21, 2012, Cross-Claimant Beck & Lee, P.A. filed a response to the Order

to Show Cause stating that it "respectfully agrees that the Court no longer possesses subject matter jurisdiction. However, any dismissal entered by the Court should be without prejudice." (ECF No. 47 at 2) (citation omitted).

On February 21, 2012, Cross-Claimant the Weston Firm P.C. that it "supports dismissal of the action in light of the disbursement of interplead funds." (ECF No. 48 at 2).

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED: February 23, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge